JUAN MONTALVO, EX PARTE, peticionario y apelante y EL PUEBLO DE PUERTO RICO, opositor y apelado.

No. 5215.—*Sometido:* Febrero 17, 1930. *Resuelto:* Marzo 31, 1930.

*Luis Mercader*, abogado del apelante; *R. A. Gómez*, abogado de *El Pueblo*, apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Existe una ley en Puerto Rico prohibiendo portar armas, de 1905. Fué enmendada en 1908 y en 1924. En su sección 6 tal como quedó enmendada en 1924, Ley No. 14 de ese año, se determinan las personas que podrán usar armas legalmente. El número once de esa sección, Leyes de 1924, sesión especial, p. 119, lee como sigue:

"11.—Los conductores de fondos privados mientras los tuvieren bajo su guarda, previa autorización de la corte de distrito correspondiente, ante la cual justificará el conductor de tales fondos o sus patronos, la necesidad de la licencia."

Alegando ser un conductor de fondos privados, Juan Montalvo solicitó de la Corte de Distrito de Arecibo que se le autorizara para portar un revólver mientras los conducía. Se oyó la prueba ofrecida. Intervino el fiscal del distrito en el procedimiento e informó oponiéndose y la corte negó finalmente la solicitud.

Juan Montalvo apeló para ante esta Corte Suprema y el fiscal ha pedido que se desestime el recurso por no estar autorizado por la ley.

Contestó Montalvo sosteniendo que su derecho a apelar se basa en el artículo 295 del Código de Enjuiciamiento Civil No. 1 que prescribe:

"Artículo 295. Podrá establecerse apelación para ante el Tribunal Supremo contra las resoluciones de las cortes de distrito en los casos siguientes: .

"1. De una sentencia definitiva pronunciada en un pleito o procedimiento especial, comenzado en la corte que la hubiere dictado, dentro de un mes después de haberse registrado la sentencia."

Alega que el procedimiento que autoriza la sección 6, No. 11, de la ley prohibiendo portar armas es uno de los procedimientos especiales que tuvo en mente el legislador.

El estatuto especial de que se trata no concede el derecho de apelación. Como hemos visto el apelante invoca el precepto general del Código de Enjuiciamiento Civil. Resumiendo la jurisprudencia sobre la materia dice Corpus Juris, itálicas nuestras:

"En ausencia de una disposición estatutoria expresa en contrario, una apelación o recurso de error procede solamente cuando ha habido una decisión por un tribunal o por un funcionario investido con autoridad judicial *y que esté actuando en un carácter judicial al emitir la decisión.* Qué es una decisión judicial es cuestión que depende mucho de las circunstancias del caso en particular para que permita una discusión detallada en este momento. Sin embargo, podría decirse como regla general que cuando se confiere cualquier facultad a una corte, para ser por ella ejercida como tal corte, de la manera y con las formalidades de una corte, *y en sus procedimientos ordinarios,* la actuación de tal corte debe considerarse judicial irrespectivamente de la naturaleza original de la facultad, y la resolución de la corte sobre tal cuestión puede por tanto ser apelable. Y el hecho de que la decisión no sea estrictamente hablando una sentencia, o de que los procedimientos no puedan constituirse en lo que técnicamente se llama unos autos, no impedirá que éstos sean apelables." 3 C. J. 372, 373.

Y más adelante, bajo el epígrafe "Procedimientos Especiales":

"Es regla bien establecida en la mayoría de las jurisdicciones que cuando un tribunal ejerce jurisdicción especial limitada, conferídale por un estatuto, según el cual el procedimiento no está de acuerdo con las disposiciones del derecho común, no procede un recurso de apelación o de error contra la actuación de la corte, a menos que tal apelación esté provista expresamente por el estatuto, pero en algunas jurisdicciones las cortes, sin autoridad estatutoria especial, han concedido apelaciones en tales casos." 3 C. J. 375.

Entre las cortes que sostienen el criterio más liberal expresado últimamente, se encuentra la de California. En la 1ota se citan dos casos, de dicho estado, el de *Lord* v. *Dunster,* 79 Cal. 477 y el de *Morton* v. *Broderick,* 118 Cal. 474.

En el primero se razona la posición asumida por la corte, así:

"La corte suprema tiene jurisdicción de apelación en casos de elecciones impugnadas de acuerdo con la Constitución de 1879. Las decisiones de esta corte independientemente de las razones en que originalmente se basaban mediante prolongada aquiescencia han fijado la interpretación que debe darse a la constitución respecto al principio envuelto en la máxima *Contemporanea expositio est fortissima in lege;* y no habiendo en la constitución de 1879 nada que restrinja o limite el derecho de apelación en casos de elecciones impugnadas según la interpretación dada a la constitución anterior, ese derecho continúa de conformidad con la constitución de 1879." Lord v. Dunster, 79 Cal. 477.

Y en el segundo, del siguiente modo:

"Cuando un procedimiento para la remoción de una junta directiva participa de la naturaleza de una acción civil, es entablado a instancia y a nombre de un ciudadano particular y los demandados son notificados mediante el emplazamiento exigido en una acción civil, y la causa fué tramitada totalmente al igual que un pleito civil, sin jurado, una sentencia dictada contra la junta en tal acción debe ser considerada como dictada en un procedimiento civil en lo que respecta a los efectos de una apelación contra la misma. Y no puede considerarse la sentencia como que ha sido dictada en un procedimiento criminal, independientemente de si el estatuto tuvo por objeto la interposición de una acción civil o criminal toda vez que una acción criminal sólo puede ser instituída a nombre o por la autoridad del estado y no por un particular.

"Habiendo sido judicialmente interpretada la constitución anterior como que faculta a la legislatura a preveer lo necesario en relación con las apelaciones para ante la corte suprema en procedimientos civiles de naturaleza sumaria, debe llegarse a la conclusión de que su fraseología, nuevamente usada en la constitución actual, ha sido adoptada con la interpretación que las cortes le habían dado; y cuando la interpretación de la constitución actual ha sido fijada por antigua sanción tanto de la legislatura como de las cortes en favor del derecho de apelación en casos especiales, ella no puede estar

sujeta a decisiones en sentido contrario como si se tratara de una cuestión nueva.'' Morton v. Broderick, 118 Cal. 474-475.

Si se compara la naturaleza de los casos de California con la de éste sometido a nuestra consideración, se observará en seguida lo distinta que es. Tampoco existen en este caso los precedentes que en los dos de California.

Aquí la corte actuó es cierto por ministerio de la ley y al negarse a conceder la autorización no hay duda alguna que examinó la solicitud y pesó la prueba ejercitando su criterio judicial, pero no se trata de un procedimiento civil, ex parte o contencioso, de carácter verdaderamente judicial. La Legislatura encomendó a la corte la concección de la licencia en casos apropiados como pudiera haberlo hecho a un funcionario administrativo, y su actuación aislada, concreta, discrecional, es definitiva.

El fiscal de esta corte se limitó a presentar su moción. En su argumento oral nos parece que sostuvo que los únicos procedimientos especiales a que se refiere el artículo 295 del Código de Enjuiciamiento Civil, son los comprendidos en la ley de 1905 que lleva ese título. Creemos conveniente consignar que no es ése nuestro juicio. Nuestro criterio es más amplio, pero por amplio que sea no llega a comprender un caso como éste cuya naturaleza hemos tratado de fijar anteriormente. Véase *Luce & Co.* v. *Registrador,* 34 D.P.R. 952 y opinión disidente del Juez Asociado Sr. Wolf a la página 913. También 20 Fed. (2d) 115.

*Debe desestimarse el recurso.*